City of New York v. Venkataram

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 4th day of June, two thousand fourteen.

PRESENT:

BARRINGTON D. PARKER,
DEBRA ANN LIVINGSTON,
CHRISTOPHER F. DRONEY,
*Circuit Judges.*

_____

City of New York,

*Plaintiff-Appellee,*

v.                                                           13-2558

Natarajan Venkataram,

*Defendant-Appellant,*

Rosa Abreu, Visualsoft Technologies, Limited, D.V.S. Raju,

*Defendants*.

_____

FOR APPELLANT:     Natarajan Venkataram, *pro se*, FCI Fort Dix, Fort Dix, NJ.

FOR APPELLEE:     Leonard Koerner, Eric Proshansky, Leonard Braman, Elizabeth S. Natrella, of counsel, *for* Zachary W. Carter, Corporation Counsel of the City of New York, New York, NY.

Appeal from a June 21, 2013, order of the United States District Court for the Southern District of New York (Buchwald, *J.*).

**UPON DUE CONSIDERATION**, it is hereby **ORDERED, ADJUDGED, AND DECREED** that the district court's June 21, 2013, order is **AFFIRMED**.

Appellant Natarajan Venkataram, *pro se*, appeals from the district court's June 21, 2013, order imposing contempt sanctions for his failure to comply with a court order. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review an order imposing a sanction for an abuse of discretion. *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 50 (1991); *cf. Corroon v. Reeve*, 258 F.3d 86, 92 (2d Cir. 2001). "Due process requires that courts provide notice and opportunity to be heard before imposing *any* kind of sanctions." *Schlaifer Nance & Co., Inc. v. Estate of Warhol*, 194 F.3d 323, 334 (2d Cir. 1999) (internal quotation marks and alteration omitted; emphasis in original). The district court gave Venkataram notice of its

intent to impose a sanction and the opportunity to comply with its order, and thus met the basic due process requirements.

"A court may hold a party in civil contempt only if there is a clear and unambiguous order, noncompliance is proved clearly and convincingly, and the defendant has not been reasonably diligent and energetic in attempting to accomplish what was ordered." *Drywall Tapers & Pointers of Greater N.Y. v. Local 530 of Operative Plasterers & Cement Masons Int'l Ass'n*, 889 F.2d 389, 394 (2d Cir. 1989) (internal quotation marks omitted). Here, the district court clearly and unambiguously ordered Venkataram to execute an unmodified form releasing funds held in his name in the State Bank of India in order to satisfy the judgment against him. Venkataram did not comply, or attempt to comply, apart from executing a modified version of the form that would not have resulted in turnover of the funds. Accordingly, Venkataram was clearly in contempt.

A district court is vested with wide discretion to force a party in contempt to comply with a court order. *Vuitton et Fils S.A. v. Carousel Handbags*, 592 F.2d 126, 130 (2d Cir. 1979). The district court acted well within that discretion in imposing a fine of $50 per day, to be deducted from Venkataram's prison account when it has a balance of more than $25. Civil confinement was not available, since Venkataram

3

is already serving a prison sentence for the underlying criminal offenses. A fine not taken from Venkataram's prison account would be unlikely to force compliance, since the record does not show that he has any other reachable assets, and those assets would be used to satisfy the judgment against him in any event. Finally, the district court's order allows Venkataram to keep $25 in his prison account, which – despite his arguments to the contrary – is sufficient to satisfy his basic needs.

We have considered all of Venkataram's remaining arguments, including those contained in a motion for expedited relief that was referred to this panel, and have concluded that they are without merit. Accordingly, we hereby **AFFIRM** the district court's June 21, 2013, order, and **DENY** the motion for relief.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4